UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN HLAVSA, | ) | 1:07V0051 |
| | ) | |
| Petitioner | ) | JUDGE JOHN R. ADAMS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| ROB JEFFREYS, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Ryan Hlavsa ("Hlavsa") has filed a petition for a writ of habeas corpus regarding his 1998 convictions for rape, gross sexual imposition, and endangering children, in the Cuyahoga County, Ohio, Court of Common Pleas. (Doc. 1.) Hlavsa raises four grounds for relief in his petition:

1. Trial court lacked jurisdiction of subject matter regarding the Sexual Violent Predator Specification.

2. Violation of Right to Due Process of Law.

3. Violation of the Equal Protection Clause.

4. Ineffective assistance of counsel.

(Doc. 1, §§12.A.-12.D.)

The respondent has filed a motion to dismiss, arguing that the claims are barred by the statute of limitations, procedurally defaulted, and not cognizable in a

1

federal habeas corpus proceeding. (Doc. 11.) Hlavsa has filed a brief in opposition (captioned "traverse"). (Doc. 12.)

## I. PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On June 22, 1998, defendant and his wife, Dawn Hlavsa were jointly indicted pursuant to a twenty-one count indictment. The indictment charged defendant with six counts of raping his six year-old son, six counts of raping his four year-old daughter, two counts of raping his one year-old daughter, and one count of gross sexual imposition upon his four year-old daughter. Twelve of the rape charges and the gross sexual imposition charge alleged that defendant is a sexually violent predator. The indictment also charged defendant and Dawn Hlavsa with six counts of endangering children. Defendant pleaded not guilty to all charges and the matter proceeded to a jury trial on December 7, 1998.

The state's evidence established that in May, 1997, the Children and Family Hotline received reports concerning defendant's children. All of defendant's children were subsequently placed in the foster care of Denise and Dan Oestricher. While residing with the Oestrichers, the six year-old boy and four year-old girl spontaneously told Mrs. Oestricher that their father had engaged in sexual activities with them. Both children also acted out in a manner which displayed sexual knowledge. Mrs. Oestricher contacted Children and Family Services and the children were subsequently interviewed by Teriea Anderson, a social worker, and were examined by Dr. Mark Feingold of the Alpha Clinic. There were no physical findings of abuse, but Dr. Feingold opined that in light of the reported behavior and remarks of the children, it is "highly likely that they were abused." There was also evidence that the children are presently suffering from an adjustment disorder as a result of their experiences.

The boy testified that his dad put his "peter" in his mouth and "in his butt" approximately twenty times. The girl testified that her dad put his "peter up [her] coochie," and "peed in [her] mouth." In addition, both children related other instances of abuse from other family members.

> Defendant presented evidence to indicate that another family member had shown the children pornography and that, to a reasonable degree of medical certainty, this could cause acting out of a sexual nature. Defendant also presented testimony from Sandra McPherson, Ph .D., a psychologist, who outlined what she described as the rates of false allegations of sexual abuse. She explained, however, that the highest rate of false allegations occurs in the context of divorce actions involving custody disputes.
>
> Defendant was subsequently convicted of five counts of raping his son, five counts of raping his four year-old daughter, the count of gross sexual imposition, the sexually violent predator specifications attendant to these charges, and all of the counts of endangering children. The trial court sentenced defendant to ten concurrent life terms on the rape charges, a consecutive term of three years to life on the gross sexual imposition charge, and concurrent two year terms on the charges of endangering children.

(Doc. 11, RX 8, at 2-4; State v. Hlavsa, No. 76221, 2000 WL 640380, at *1 (Ohio Ct. App. May 18, 2000).)

## A. Direct Appeal

On Sept. 30, 1999, Hlavsa filed a notice of appeal. He filed the following assignments of error:

> 1. The trial court committed plain error when it instructed the jury that penetration of the buttocks is sufficient to establish rape by anal intercourse.
>
> 2. Appellant was denied effective assistance of counsel where trial counsel acquiesced to a jury instruction providing for an incorrect, lesser requirement of penetration to establish rape by anal intercourse.
>
> 3. Appellant's conviction of the sexually violent predator specification was not supported by sufficient evidence that appellant was likely to commit another "sexually violent offense."
>
> 4. The trial court abused its discretion in holding that a six (6) and a five (5) year-old child was (*sic*) competent to testify because they lacked

3

> sufficient ability to receive a just impression of the facts, to collect these impressions, and to communicate those impressions.

(Doc. 11, RX 6.) On May 18, 2000, the court of appeals affirmed the convictions. (Doc. 11, RX 8; State v. Hlavsa, No. 76221, 2000 WL 640380, at *1 (Ohio Ct. App. May 18, 2000).)

Hlavsa filed a timely appeal with the Ohio Supreme Court on June 29, 2000, setting forth the following three propositions of law:

> 1. Penetration of the buttocks is not sufficient to establish rape by anal intercourse.
>
> 2. A sexually violent predator specification is not proven beyond a reasonable doubt where the evidence that appellant was likely to commit another "sexually violent offense" consisted entirely of unsubstantiated hearsay allegations of prior conduct.
>
> 3. A trial court abuses its discretion in holding that a six (6) and a five (5) year-old child was (*sic*) competent to testify where they lacked sufficient ability to receive a just impression of the facts, to collect these impressions, and to communicate those impressions.

(Doc. 11, RX 10.)

On Oct. 4, 2000, the Supreme Court of Ohio allowed the appeal on the first proposition of law only, but held the case for a decision in State v. Wells. (Doc. 11, RX 12; State v. Hlavsa, 90 Ohio St.3d 1430, 736 N.E.2d 26 (2000).) On March 7, 2001, the Supreme Court reversed the judgment on the counts of anal rape, and remanded for a new trial, pursuant to State v. Wells, 91 Ohio St.3d 32, 740 N.E.2d 1097 (2001). (Doc. 11, RX 13; State v. Hlavsa, 91 Ohio St.3d 131, 742 N.E.2d 649 (2001).)

B.  Resentencing

On remand, the trial court stated:

> . . . it is impossible for this Court to tell which rape counts of the indictment relate to the charge of anal rape.  The only differentiation between the rape counts is the victim.  It would be purely speculation by this Court to determine which counts of rape are anal and which counts are related to other types of rape.  This Court cannot read the mind of a jury that convicted defendant Hlavsa more than three years ago.

(Doc. 11, RX 16, at 5.)  Therefore, the court vacated Hlavsa's convictions for rape on Counts 3 through 12, and the linked findings of sexually violent predator specifications.[1]  Id. at 1.  The court ordered Hlavsa to be retried on those counts.  Id. at 6.  Although the state appealed (RX 17-18), the court of appeals affirmed the trial court's ruling.  (Doc. 11, RX 22; State v. Hlavsa, No. 80969, 2002 WL 31769408 (Ohio Ct. App. Dec. 12, 2002).)  The Supreme Court of Ohio declined to hear the appeal.  (Doc. 11, RX 26; State v. Hlavsa, 98 Ohio St.3d 1515, 786 N.E.2d 64 (2003).)

On Aug. 18, 2003, Hlavsa entered a plea of guilty to two counts of rape, counts 3 and 8, without the sexually violent predator specifications.  The remaining counts were nolled.  The trial court sentenced him to ten years to life for each rape conviction.  The sentences were to run concurrently with each other, and with his earlier convictions.  (Doc. 11, RX 27.)  Hlavsa was also adjudicated to be a sexual predator.  (Doc. 11, RX 28.)

---

[1]The convictions for gross sexual imposition and endangering children were not disturbed.

On March 28, 2006, Hlavsa filed a motion for leave to file a delayed appeal, to appeal the determination that he was a sexual predator. (Doc. 11, RX 29-30.) He set forth two assignments of error:

> A. The trial court lacked jurisdiction of the subject matter regarding the convictions for the sexual predator/ sexual violent predator specifications, where the grand jury acted outside of scope of its authority to include the specifications in the indictment absent any prior conviction for sexual oriented offense, in violation of State vs. Smith (2004), 104 Ohio St.3d. 106, 118 N.E.2d 283; R.C. 2950.01(E); and R.C. 2971.01(H), thus, violating appellant's right to due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and violates the equal protection clause as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> B. Appellant was deprived the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, where counsel failed to challenge the inclusion of sexual violent predator specifications contained in the indictment where appellant had never plead guilty or been convicted of sexual oriented offense, thus permitting appellant to plead guilty to said specifications.

(Doc. 11, RX 30, at 3.) The court of appeals denied leave to appeal, noting that Hlavsa was appealing a civil matter, and there is no delayed appeal in civil proceedings. (Doc. 11, RX 31.) Hlavsa appealed to the state high court, based on the same two propositions of law, but the court denied leave to appeal on Oct. 4, 2006, and dismissed the appeal as not involving any substantial constitutional question. (RX 33-34.)

Hlavsa filed a petition for a writ of habeas corpus in this district court on Jan. 9, 2007. (Doc. 1.)

6

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Hlavsa has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition is barred because it was filed after the statute of limitations had expired. (Doc. 11, at 7-10.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does

not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

On Aug. 18, 2003, Hlavsa entered his plea of guilty to the remaining counts and was sentenced him to ten years to life for each rape conviction. The judgment entry of sentencing was dated Aug. 22, 2003. (Doc. 11, RX 27.)

Under Ohio law, Hlavsa had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Aug. 22, 2003. (Doc. 11, RX 27.) Thus, the statute began to run on Sept. 22, 2003. See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). He did not file the motion for leave to file a delayed appeal until Mar. 28, 2006, long after the one-year habeas statute of limitations had already run. (Doc. 11, RX 29-30.) Hlavsa did not file his habeas petition until Jan. 9, 2007.

Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699, at *3 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003); Searcy v.

Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006).

Thus, the statute of limitations expired in September 2004, and Hlavsa did not file his habeas petition within the one year limitation period.

### IV. HLAVSA'S RESPONSE

In response to the motion to dismiss, Hlavsa asserts that his petition should not be time barred because of the "new rule" doctrine, and his due diligence. (Doc. 12, at 8.) Hlavsa argues that his delayed appeal, based on the Ohio Supreme Court's December 2004 decision in State v. Smith, 104 Ohio St.3d 106, 818 N.E.2d 283 (2004), was filed as soon as the Smith decision was published and accessible to inmates. Id. at 4. However, as noted above, the limitations period had already expired in September 2004.

Regarding the "new rule" doctrine, the habeas statute provides that the one-year limitation period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). See, e.g., Tyler v. Cain, 533 U.S. 656, 677 (2001) (Breyer, J., dissenting); Outlaw v. Sternes, 233 F.3d 453, 455 (7th Cir. 2000). This provision is inapplicable here for two reasons: 1) the Smith case was decided by the Ohio Supreme Court, not the U.S. Supreme Court, and 2) the Smith

10

decision was not a constitutional decision, but rather a decision construing Ohio's criminal statutes.[2]

Hlavsa also claims that the prison did not received printed copies of the Smith decision until July 2005, which he argues is the earliest date on which the factual predicate of his claim could have been discovered through the exercise of due diligence. (Doc. 12, at 6.) However, the limitations period under 28 U.S.C. § 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Accord Townsend v. Lafler, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Id. See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases). This provision is inapplicable because the receipt of the printed Northeastern Reporter volumes is not the factual predicate on which Hlavsa's federal habeas claims could be based.

## V. SUMMARY

The respondent's motion to dismiss (doc. 11) should be granted. Hlavsa's petition for a writ of habeas corpus should be denied as untimely.

---

[2] "In this case, we are called upon to interpret the requirements for a sexually violent predator specification found in [Ohio] R.C. Chapter 2971." Smith, 104 Ohio St.3d at 107, 818 N.E.2d at 284.

11

## RECOMMENDATION

It is recommended that the petition be dismissed.

Dated:   June 26, 2007                                   /s/ Kenneth S. McHargh
                                                            Kenneth S. McHargh
                                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).